# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

KARLOS BOBO,
     Plaintiff,

       vs

DAVID MCCROSKY, et al.,
     Defendants.

Case No. 1:12-cv-842

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility, brings this civil rights action against SOCF staff members Sargent David McCrosky, Sargent Ronald Mills, Cynthia Davis, Warden Morgan, Deputy Warden Oppy, Lieutenant Nate Miller, Institutional Inspector Linnea Mahlman, and Brian Sparks.  (Doc. 1, p. 2).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff

cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.   An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted.   28 U.S.C. §§ 1915 (e)(2)(B)(ii), 1915A(b)(1).   Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.   Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action against defendant under 42 U.S.C. § 1983.   Plaintiff's complaint indicates that plaintiff obtained a STA-300 stereo receiver and Super

2

III Radio in 1993, incompliance with all applicable prison regulations.   (Doc. 1, p. 5).   Upon

being transferred to SOCF, petitioner was apparently denied possession of the items.   Attached as

an exhibit to his complaint is a conduct report, indicating that plaintiff's radio and stereo receiver

were confiscated by SOCF staff because the charging official stated that the items were missing

buttons and/or screws.   *Id.* at 9.   The complaint alleges that on April 12, 2012, defendant Sargent

Mills informed him that his radio "is being put on the probate shelf and when a Judge signs off on

it that it will be destroyed."   *Id.*   Petitioner states that the STA-300 receiver's FM frequency

button became worn and eventually broke off, but contests that any screws were missing from the

Super III Radio.   *Id.* at 5-6.   Plaintiff claims that under the Ohio Department of Rehabilitation

and Corrections administrative regulation 5120-9-33(I), "all Grandfathered appliances shall be

retained until rendered inoperable."   *Id.*   He argues that the STA-300 is not rendered inoperable

based on the FM frequency button being broken and that any missing screws resulted from prison

staff searching the inside of the radio.   *Id.*   Plaintiff indicates that he has gone through the

grievance process and has still been denied his stereo receiver and radio.   *Id.* 5-6.

　　　　For relief, plaintiff requests that the court order the return of his belongings.   *Id.* at 6.

　　　　Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may

be granted.   Plaintiff alleges that defendants violated his rights under the Fourth Amendment.   *Id.*

However, because petitioner does not have a reasonable expectation of privacy in the

circumstances alleged he has failed to state a Fourth Amendment claim based on the search or

seizure of his radio and receiver.   *See Hudson v. Palmer*, 468 U.S. 517, 527 (1984).

　　　　To the extent that plaintiff asserts that the seizure of his property resulted in a due process

violation, he has also failed to state an actionable claim under § 1983.   In order to assert a due

3

process claim, plaintiff must first plead, and ultimately prove, the inadequacy of state remedies for redressing the wrong.  *See Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir.1983). *See also Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v.* Taylor, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984).   "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury," *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587–88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati,* 934 F.2d 726, 731 (6th Cir.1991) (quoting *Vicory,* 721 F.2d at 1066).   A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson,* 360 F.3d at 588.

 Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate.   Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim.   *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir.1999).   Therefore, plaintiff fails to state a due process claim that is actionable in this § 1983 proceeding.

Accordingly, in sum, the undersigned finds that plaintiff's complaint fails to state a claim upon which relief may be granted.   Therefore, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4

**IT IS THEREFORE RECOMMENDED THAT:**

1.   Plaintiff's complaint be **DISMISSED** with prejudice on the ground that plaintiff fails to state a claim upon which relief may be granted.

2.   The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis.   Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals.   See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv*., 105 F.3d 274, 277 (6th Cir. 1997).


            *s/ Stephanie K. Bowman*
            Stephanie K. Bowman
            United States Magistrate Judge

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

KARLOS BOBO,                                       Case No. 1:12-cv-842
       Plaintiff,

                                        Dlott, J.
       vs                                 Bowman, M.J.

DAVID MCCROSKY, et al.,
       Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).